compensation paid employee from December 16, 1983 to August 9, 1984. We reverse the WCCA's credit determination and direct that the compensation judge's decision be reinstated.

Employee sustained spinal injuries in a 1982 work related fall. As a consequence she has had back pain, left hip pain, and an outward rotation of her left leg. She has also experienced cyanosis in her hands, the cause of which is undetermined. Following the accident, the respondents paid employee compensation for temporary total disability, but in December 1983 filed a notice of intention to discontinue those benefits, based on a medical report stating that she was no longer disabled by the work injuries. Employee's objection to the proposed discontinuance resulted in an administrative conference on December 16, 1983. A rehabilitation specialist then denied the respondent's request to discontinue payment of benefits.

On March 12, 1984, the respondents filed a petition to discontinue benefits pursuant to Minn.Stat. § 176.241, subd. 3b (1984). They also sought allowance of a credit against any future claims employee might have for the benefits they had paid her subsequent to December 16, 1983. A compensation judge by a decision filed on August 31, 1984, determined that employee was "only temporarily partially disabled," granted the petition to discontinue payment of temporary total disability benefits, and ordered the respondents to pay employee appropriate compensation for temporary partial disability from and after June 7, 1984, conditioned upon her making a reasonably diligent effort to find work she could perform in her partially disabled state. The decision made no provision for a credit against future benefits.

Neither party appealed this decision, although both now represent that no evidence supported the judge's use of June 7, 1984 as the date on which the respondents were required to begin paying employee temporary partial disability benefits. However, the respondents decided in September 1984 that they were entitled to a credit for

the compensation they had paid employee between December 16, 1983 and August 9, 1984. They began to withhold 20% from her weekly benefits on September 17, 1984. Employee then amended a previously filed petition for permanent partial disability benefits to assert underpayment of her temporary disability compensation and to request a penalty. A hearing on those claims, and others not pertinent to this appeal, was held before the compensation judge. In a decision filed April 2, 1985, he found that employee had failed to make a reasonably diligent effort to find suitable employment between June 7 and September 3, 1984, and determined that the respondents were entitled to a credit under Minn.Stat. § 176.179 (1984) for the compensation paid her during that period, a total of $1,998.10 which had been reduced by the time of hearing to $1,321.82.

On appeal to the WCCA, the respondents contended that they had paid temporary total disability benefits from December 17, 1983 to the date of the hearing on August 9, 1984 under mistake and were entitled to a credit for those benefits totaling $5,225.80, less the amounts they had withheld. The WCCA agreed, set aside the compensation judge's credit finding, and found that the respondents were entitled to the larger credit because the compensation judge had determined that the payments made by the insurer subsequent to the administrative decision filed on December 23, 1983 "were made in error."

If the compensation judge did make that determination, Minn.Stat. §§ 176.179 and 176.242, subd. 8 (1984) clearly authorized the WCCA's credit determination. Section 176.179 provides:

Notwithstanding section 176.521, subdivision 3, or any other provision of this chapter to the contrary, except as provided in this section, no lump sum or weekly payment, or settlement, which is voluntarily paid to an injured employee or the survivors of a deceased employee in apparent or seeming accordance with the provisions of this chapter by an employer or insurer, or is paid pursuant to an

order of the workers' compensation division, a compensation judge, or court of appeals relative to a claim by an injured employee or the employee's survivors, and received in good faith by the employee or the employee's survivors shall be refunded to the paying employer or insurer in the event that it is subsequently determined that the payment was made under a mistake in fact or law by the employer or insurer. When the payments have been made to a person who is entitled to receive further payments of compensation for the same injury, the mistaken compensation may be taken as a credit against future benefit entitlement; provided, however, that the credit applied against further payments of temporary total disability, temporary partial disability, permanent total disability, retraining benefits or death benefits shall not exceed 20 percent of the amount that would otherwise be payable.

Section 176.242, subdivision 8, provides in part:

> If the commissioner has denied a requested discontinuance *and a compensation judge later rules that the discontinuance was proper,* payments made under the commissioner's order as provided under subdivision 4 shall be treated as an overpayment which the employer or insurer may recover from the employee subject to the provisions of section 176.179.

(Emphasis added).

In this case the commissioner, through a rehabilitation specialist, "denied a requested discontinuance" in December 1983, but under section 176.242, subdivision 8, the respondents may take a credit for compensation paid pursuant to the administrative decision only if the compensation judge ruled that the requested discontinuance "was proper." There is no evidence that he did so.

In the August 31, 1984 decision the compensation judge found that employee had made a partial recovery from her work injury and that she was temporarily partially disabled rather than temporarily totally disabled. However, he made no finding that she was not temporarily totally disabled at the time of the administrative conference in December 1983. He ordered that the respondents pay employee for temporary partial disability from and after June 7, 1984, provided that she make a reasonably diligent effort to obtain suitable employment. Although the respondents requested a credit for the period from December 17, 1983 to the date of the hearing on August 9, 1984, the judge made no determination that they were entitled to a credit for those payments. The only reasonable implication from his findings and order is that he found the employee to be no longer temporarily totally disabled on June 7, 1984, but not sooner. In his second decision, filed in April 1985, the compensation judge rejected the respondents' claim that they were entitled to a credit for benefits paid from December 17, 1983, through August 9, 1984 and expressly stated that he had made "no determination that the employee was temporarily partially disabled from December 17, 1983." Thus, we are compelled to conclude that there was no evidence to support the WCCA's determination that the compensation judge found that the payments made between December 17, 1983 and August 9, 1984 were "made in error." Nor is there evidence that the compensation judge had ruled, as required by section 176.242, subdivision 8, that the discontinuance requested in December 1983 was "proper." We hold that the WCCA's credit finding was manifestly contrary to the evidence and that its award to the respondents was not authorized by sections 176.179 and 176.242, subdivision 8.

Our examination of the record discloses substantial support for the compensation judge's credit determination in the unappealed finding that employee was temporarily partially disabled by June 7, 1984, and in the evidence submitted at the February 1985 hearing that she had not begun to seek employment until September 4, 1984. The failure to seek employment requires a determination that employee was not enti-

tled to the compensation payments made by the respondents between June 7 and September 3, 1984. Thus, those payments were made under mistake of fact and law, and the credit awarded by the compensation judge was authorized by Minn.Stat. § 176.179.

Employee is awarded attorney fees of $400.

Reversed and remanded for reinstatement of the compensation judge's decision.